On Remand from the Alabama Supreme Court

BASCHAB, Judge.
The appellee, Michael Ivan Wilson, was charged with second-degree unlawful manufacture of a controlled substance, a violation of § 13A-12-217(a)(2), Ma.Code 1975, *914 and unlawful possession of a controlled substance (methamphetamine), a violation of § 13A-12-212, Ala.Code 1975. Count I of the indictment alleged that the appellee
“did unlawfully possess on, to-wit: April 22, 2004, in or near Decatur, Morgan County, Alabama, a precursor chemical, to-wit: pseudoephedrine, with the intent that the chemical would be used in the unlawful manufacture of a controlled substance, in violation of Section 13A-12-217 of the Code of Alabama.”
(C.R. 30.) The appellee filed a motion to dismiss Count I of the indictment, which the circuit court granted. The State appealed from the circuit court’s order granting the appellee’s motion to dismiss Count I of the indictment.
On September 30, 2005, this court dismissed the State’s appeal on the ground that the State had filed a premature notice of appeal in the circuit court. On November 23, 2005, this court overruled the State’s application for rehearing; withdrew our opinion of September 30, 2005; substituted a new opinion therefor; and again dismissed the State’s appeal on the ground that the State had filed a premature notice of appeal in the circuit court. See State v. Wilson, 961 So.2d 907 (Ala.Crim.App.2005). On June 23, 2006, the Alabama Supreme Court reversed this court’s judgment; held that the State had filed its notice of appeal as required by Rule 15.7(b), Ala. R.Crim. P., and had properly invoked this court’s appellate jurisdiction; and remanded the case for this court to consider the merits of the State’s appeal. See State v. Wilson, 961 So.2d 911 (Ala.2006).
The State argues that the circuit court erroneously granted the appellee’s motion to dismiss Count I of the indictment. Specifically, it contends that the circuit court’s “construction of § 13A-12-217(a)(2) is in error” and that the indictment correctly charged the offense of second-degree unlawful manufacture of a controlled substance. (State’s brief at p. 7.) In its order granting the appellee’s motion to dismiss, the circuit court found that the indictment was defective because it alleged that the appellee possessed a single precursor substance and that § 13A-12-217(a)(2), Ala. Code 1975, “requires the possession of multiple ‘precursor substances.’ ” (S.R. 13.) However, this court has held that “§ 13A-12-217 does not require evidence of plural precursor substances.” Brand v. State, 941 So.2d 318 (Ala.Crim.App.2006). See also O’Callaghan v. State, 945 So.2d 467 (Ala.Crim.App.2006). Because the State was not required to prove that the appellee possessed more than one precursor substance, Count I of the indictment was not defective. Therefore, the circuit court erroneously granted the appellee’s motion to dismiss Count I of the indictment. Accordingly, we reverse the circuit court’s judgment and remand this case for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.